**The below described is SIGNED.**

**Dated: September 05, 2012**

_____
**R. KIMBALL MOSIER**
**U.S. Bankruptcy Judge**



## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>Todd Laver,<br><br>                Debtor, | Bankruptcy Number: 11-36905<br><br>Chapter 7<br><br>Judge R. Kimball Mosier |
| Julia C. Laver<br><br>                Plaintiff,<br><br>v.<br><br>Todd Laver.<br><br>                Defendant. | Adversary Proceeding No. 12-2113 |

**FINDINGS OF UNDISPUTED FACT AND CONCLUSIONS OF LAW
ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

The hearing on the motion of the Julia C. Laver (Plaintiff) for summary judgment came before the Court on August 29, 2012. Steven C. Tycksen of Tycksen & Shattuck, L.L.C. appeared on behalf of the Plaintiff, and James H. Woodall of Law Offices of James H. Woodall, PLLC appeared telephonically on behalf of Todd Laver (Defendant).

Summary judgment is appropriate if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. In making this determination, a court must examine the record and all reasonable inferences that might be drawn from it in the light most favorable to the non-moving party. *Barber ex rel. Barber v. State of Colorado Dept. Of Revenue*, 562 F.3d 1222, 1229 (10th Cir. 2009). The Court has reviewed the Plaintiff's complaint, the answer filed by the Defendant, the Plaintiff's motion for summary judgment, Plaintiff's supporting memorandum, the declaration of Julia C. Laver, Defendant's verified response to the motion for summary judgment, and Plaintiff's reply, and in doing so, has drawn all reasonable inferences in a light most favorable to the Defendant.

**Domestic Support Obligations**

The policy underlying §523(a)(5) favors enforcement of familial support obligations over a fresh start for the debtor. *In re Miller*, 55 F.3d 1487, 1489 (10th Cir. 1995), *cert. denied*, 116 S. Ct. 305 (1995). The term "support," as used in § 523(a)(5), is to be construed broadly. *In re Loper*, 329 B.R. 704, 708 (10th Cir. BAP 2005). Whether a debt is in the nature of support is a matter of federal law. *Sylvester v. Sylvester*, 865 F.2d 1164, 1166 (10th Cir. 1989). Whether an obligation is labeled as support by the state tribunal is relevant, but not dispositive of its dischargeability. A bankruptcy court is required to look behind the words and labels of a state court's divorce decree. Then the bankruptcy court must decide if the payment was intended as support and must determine if the substance of the payment was in the nature of support at the time of the divorce - i.e., whether the surrounding facts and circumstances, especially financial, lend support to such a finding. *In re Young*, 35 F.3d 499, 500 (10th Cir. 1994).

Given the undisputed facts presented to the Court, the Court finds as follows.

2

The Court finds that the alimony payments awarded to Plaintiff by the State Court are in the nature of a domestic support obligation and should be excepted from discharge.

The Court finds that the Geo Holiday timeshare payment[1] awarded to Plaintiff by the State Court were in the nature of a domestic support obligation and should be excepted from discharge.

Attorney fees that have necessarily been expended to enforce a domestic support obligation are excepted from discharge. *In re Jones*, 9 F.3d 878, 881 (10th Cir. 1993). To the extent that attorney fees have been expended to enforce a domestic support obligation in state court, it is appropriate that the State Court which is handling the divorce proceedings to determine the amount of attorney fees necessarily incurred to enforce the domestic support obligations of the divorce decree and reduce it to a judgment. *In re Busch*, 369 B.R. 614, 628 (10th Cir. BAP 2007). In this case, the State Court awarded fees in favor of the Plaintiff as a sanction, but Defendant's bankruptcy proceeding was filed before entry of the judgment. There is a dispute between the parties over whether the award of attorney fees arose from a dispute strictly concerning domestic support obligations, or from other matters. The fact that fees may be labeled as a "sanction" is irrelevant if the fees were incurred in order to enforce a domestic support obligation, and the State Court is best situated to make that determination. The attorney's fees and costs expended by Plaintiff to enforce the domestic support obligation are excepted from Defendant's discharge but the amount of reasonable attorneys' fees should be determined by the State Court.

---

[1] Paragraph 11 of the Divorce Decree provides in part that: "With respect to the Geo Holiday timeshare Petitioner will pay this but the Respondent will contribute $115 per month to her **in lieu of additional alimony** until it is paid in full or sold."

3

It is likely that disputes over unpaid alimony will continue, and the State Court is best situated to make the determination of what domestic support obligations have and have not been paid, to determine the extent to which the State Court's award of attorney fees from enforcement of a domestic support obligation, and to enter a money judgment[2] in an appropriate amount.

To the extent that Plaintiff was necessarily required to expend attorney fees to enforce a domestic support obligation in the adversary proceeding before this Court, those fees are excepted from discharge. *In re Busch*, 369 B.R. at 627 (bankruptcy court has jurisdiction to award attorney fees and enter judgment with respect to nondischargeable support obligations that are litigated before it). Within 60 days of entry of this Order, Plaintiff's attorney shall prepare a written declaration and proposed judgment for attorney's fees necessarily incurred in conjunction with this adversary proceeding, and shall serve the declaration and proposed judgment on opposing counsel for review and approval as to form in compliance with Local Rule 9021-1. Pursuant to Local Rule 9021-1(b)(1), the proposed judgment shall be granted if no objection is filed within 7 days.

---

[2] Although this Court has jurisdiction to liquidate a debt that has been found to be nondischargeable and enter a money judgment against the debtor. Johnson v. Riebesell, 586 F.3d 782, 793-94 (10th Cir. 2009), it is not required to do so.

**Conclusion**

All unpaid alimony and domestic support obligations should be excepted from the Defendant's discharge under 11 U.S.C. § 523(a)(5). All unpaid Geo Holiday timeshare payments, should be excepted from the Defendant's discharge under 11 U.S.C. § 523(a)(5). All attorney fees and costs that have been necessarily incurred to enforce alimony and domestic support obligations as determined by the State Court are excepted from the Defendant's discharge under 11 U.S.C. § 523(a)(5).

Because the State Court is best situated to determine the amounts of unpaid domestic support obligations including alimony, unpaid Geo Holiday timeshare payments that are owed by Defendant to Plaintiff, this Court should abstain from determining the amount of the judgment to be excepted from Defendant's discharge and should remand the issue to be determined by the State Court.

Because the State Court is best situated to determine the amount of attorney fees and costs expended by the Plaintiff that were necessarily incurred to enforce a domestic support obligation, this Court should abstain from determining the amount of the judgment to be awarded Plaintiff for attorney fees and costs and remand the issue to be determined by the State Court.

-------------------------------------------------End of Document-------------------------------------------------

_____ooo0ooo_____

## SERVICE LIST

      Service of the foregoing **Findings of Undisputed Facts and Conclusions of Law on Plaintiff's Motion for Summary Judgment** will be effected through the Bankruptcy Noticing Center to the following parties.

Steven C. Tycksen
Tycksen & Shattuck, LC
Pioneer Business Park
12401 South 450 East
Unit E-1
Draper, UT 84020

James H. Woodall
10808 River Front Parkway
Suite 175
South Jordan, UT 84095